UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID and LISA FAIGMAN, individually and on behalf of others similarly situated,

    Plaintiffs,

    v.

CINGULAR WIRELESS, LCC; and DOES 1 through 100, inclusive,

    Defendants.

No. C 06-04622 MHP

**MEMORANDUM & ORDER**
**Re: Defendant's Motion to Dismiss**

Plaintiffs David and Lisa Faigman ("plaintiffs"), individually and on behalf of a class of others similarly situated, filed this action in California Superior Court for the County of San Francisco against Cingular Wireless, LLC ("Cingular" or "defendant") and Does 1 through 100, inclusive, seeking damages for violations of the Consumer Legal Remedies Act, violations of the False Advertising Act, concealment, violations of the Unfair Competition Law, and unjust enrichment. Defendant removed the action to this court. Now before the court is defendant's motion to dismiss plaintiff's complaint for failure to state a claim on which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)"). Having considered the parties' arguments and submissions, and for the reasons set forth below, the court enters the following memorandum and order.

BACKGROUND[1]

Plaintiffs are California residents who claim that they were misled into purchasing mobile phones and service contracts from Cingular as a result of a misleading rebate program. Defendant Cingular is the nation's largest mobile phone company in terms of subscribers and revenue, operating nationwide with a substantial amount of business in California. Cingular has fifteen retail stores in the city of San Francisco.

As part of its marketing efforts, Cingular advertises the availability of rebates in exchange for the purchase of its products or services. According to plaintiffs,

> [f]ollowing the custom of other rebate offers, Cingular's advertising seeks to convey the impression that once a customer mails in a completed rebate form, they will receive the value of the rebate in cash or by check. For example, Cingular's website recently equated rebates with cash by displaying the image of a $20 bill next to the words '$20 Instant Rebate.' Cingular does not disclose in its advertisements that it pays rebates in any form other than cash or check.

Complt. ¶ 16.

Plaintiffs claim that Cingular's rebate offers do not reduce the cost of Cingular phones and service by the value of the rebate, for two reasons. First, plaintiffs claim that the necessity of completing complicated forms and submitting documentary evidence of purchase reduces the number of rebates that Cingular pays. Id. ¶ 17. In addition, plaintiffs claim that the "Cingular Rewards Card" through which Cingular pays its rebates are less valuable than cash or a check due to the limitations and restrictions placed upon the use of the cards. Id. ¶¶ 17–18. Plaintiffs identify the following restrictions which are not disclosed in Cingular's advertisements: the cards must be activated, the cards are only accepted at certain locations, the cards can incur service charges, the cards will be declined in transactions that exceed the balance of the card, the cards expire, the cards are not redeemable for cash, the cards do not earn interest, the cards are not divisible, the cards are not transferrable, and the cards collect private information. Id. ¶18. Plaintiffs further claim that these programs have led to numerous customer complaints. Id. ¶ 19.

Plaintiffs purchased three mobile phones and signed up for two-year service contracts with Cingular in October 2005 via a Cingular retail outlet in San Rafael, California, and thereafter

completed and submitted the necessary forms to obtain their rebates. Id. ¶ 20. Plaintiffs claim that, "[c]onsistent with their experience with other rebate programs, plaintiffs expected to receive their rebate in cash or check. To their surprise, plaintiffs received three Cingular Rewards Cards (one for each phone purchased from Cingular) instead of cash or checks." Id. ¶ 21. Plaintiffs assert that they have encountered difficulties and inconvenience when attempting to use the cards, including activation and rejection. Id. ¶ 22. Specifically, plaintiffs claim that their card was rejected at a Chevron gas station. Id.

Plaintiffs filed this action in California Superior Court on June 23, 2006. Plaintiffs assert causes of action for violations of the Consumer Legal Remedies Act, violations of the False Advertising Act, concealment, violations of the Unfair Competition Law, and unjust enrichment. On July 28, 2006 defendant removed the action to this court pursuant to 28 U.S.C. section 1441, alleging jurisdiction based upon the Class Action Fairness Act of 2005, 28 U.S.C. section 1332(d). Defendant now moves to dismiss plaintiffs' complaint for failure to state a claim upon which relief can be granted.

LEGAL STANDARD

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) "tests the legal sufficiency of a claim." Navarro v. Block, 250 F.3d 729, 732 (9th Cir. 2001). Because Rule 12(b)(6) focuses on the "sufficiency" of a claim—and not the claim's substantive merits—"a court may [typically] look only at the face of the complaint to decide a motion to dismiss." Van Buskirk v. Cable News Network, Inc., 284 F.3d 977, 980 (9th Cir. 2002). Although the court is generally confined to consideration of the allegations in the pleadings, when the complaint is accompanied by attached documents, such documents are deemed part of the complaint and may be considered in evaluating the merits of a Rule 12(b)(6) motion. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987).

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) should be granted if "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claims which

3

1 would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45–46 (1957). Dismissal can be based
2 on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable
3 legal theory. Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1990). Allegations of
4 material fact are taken as true and construed in the light most favorable to the nonmoving party.
5 Cahill v. Liberty Mut. Ins. Co., 80 F.3d 336, 337–38 (9th Cir. 1996). The court need not, however,
6 accept as true allegations that are conclusory, legal conclusions, unwarranted deductions of fact or
7 unreasonable inferences. See Sprewell v. Golden State Warriors, 266 F.3d 979, 988 (9th Cir. 2001);
8 Clegg v. Cult Awareness Network, 18 F.3d 752, 754–55 (9th Cir. 1994).

DISCUSSION[2]

Defendant identifies two purported defects in plaintiffs' complaint which defendant alleges are fatal to each of plaintiffs' causes of action. First, defendant claims that plaintiffs have failed to allege, with requisite specificity, misrepresentations on the part of Cingular with respect to the reward card rebate program. Second, defendant claims that plaintiffs have failed to allege, with requisite specificity, that they were injured as a result of alleged misrepresentations by Cingular.

I.  Misrepresentations

Defendant claims that each of plaintiffs' five causes of action arise out of the same alleged unified course of fraudulent conduct, and that where fraudulent conduct serves as the basis for a cause of action the heightened pleading requirements of Federal Rule of Civil Procedure 9(b) apply.[3] As plaintiffs state in their complaint, "[a]ll of the claims asserted herein arise out of Cingular's uniform misrepresentations and concealments regarding its rebate programs[.]" Complt. ¶ 3. Plaintiffs dispute that Rule 9(b) applies to any claim other than their concealment claim.

In diversity actions where state law governs fraud claims, the pleading requirements are nonetheless governed by the Federal Rules of Civil Procedure. Hayduk v. Lanna, 775 F.2d 441, 443 (1st Cir. 1985). Fraud is not a necessary element of the California statutory claims that plaintiffs set forth in their complaint. See Vess v. Ciba-Geigy Corp. USA, 317 F.3d 1097, 1103 (9th Cir. 2003).

4

However, the requirements of Rule 9(b) may nonetheless apply to discrete allegations within each cause of action.  Id.  As the Ninth Circuit has explained:

> In cases where fraud is not a necessary element of a claim, a plaintiff may choose nonetheless to allege in the complaint that the defendant has engaged in fraudulent conduct.  In some cases, the plaintiff may allege a unified course of fraudulent conduct and rely entirely on that course of conduct as the basis of a claim.  In that event, the claim is said to be "grounded in fraud" or to "sound in fraud," and the pleading of that claim as a whole must satisfy the particularity requirement of Rule 9(b).
>
> [. . .]
>
> In other cases, however, a plaintiff may choose not to allege a unified course of fraudulent conduct in support of a claim, but rather to allege some fraudulent and some non-fraudulent conduct.  In such cases, only the allegations of fraud are subject to Rule 9(b)'s heightened pleading requirements.

Id. at 1103–04.  Where a complaint or claim is grounded in fraud and the averments of fraud are insufficiently pled, "there is effectively nothing left of the complaint" and dismissal under Rule 12(b)(6) is warranted.  Id. at 1107.

Plaintiffs assert that their non-concealment claims are based on non-fraudulent conduct—the restrictions and limitations applied to the rebate cards—and therefore Rule 9(b) is inapplicable to those claims.  However, by plaintiff's own admission, *all* of their claims "arise out of Cingular's uniform misrepresentations and concealments regarding its rebate programs."  Complt. ¶ 3 (emphasis added).  The alleged difficulties regarding the use of the rebate cards are pled to support plaintiffs' causes of action only in conjunction with Cingular's alleged misrepresentations regarding the cards.  Indeed, each of plaintiffs' causes of actions contains an explicit or implicit, though conclusory, reference to fraud.  Complt. ¶¶ 39 ("defendants knowingly misrepresented the legal rights, obligations, or remedies involved in the purchase and sale of Cingular service and products"), 44 (defendants' conduct "constitutes unfair competition, unfair, deceptive, untrue or misleading advertising . . ."), 48 ("The conduct of defendants, and each of them, constitutes a fraud against plaintiffs and the members of the Class."), 57 ("The practices are fraudulent because they were likely to deceive customers into purchasing services or products under the false pretense that

5

Cingular would recompense a portion of their purchase with cash or check via the mail-in rebate."), & 61 ("As a direct and proximate result of defendants' misconduct as set forth above, defendants have been unjustly enriched."). Accordingly, under the framework of Vess, well-pled allegations of misrepresentation must support each of plaintiffs' causes of action. See Nordberg v. Trilegiant Corp., 445 F. Supp. 2d 1082, 1097–98 (N.D. Cal. 2006) (Patel, J.) (holding that, while the requirements of Rule 9(b) were not strictly applicable to a CLRA claim, plaintiffs were "still required to provide some specificity in their pleadings to put defendants on notice of the charges leveled against them").

When pleading fraud, "the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). Fraud allegations must "be specific enough to give defendants notice of the particular misconduct . . . so that they can defend against the charge and not just deny that they have done anything wrong." Vess, 317 F.3d at 1106 (internal quotations omitted). To comply with Rule 9(b), a complaint must "state the time, place, and specific content of the false representations as well as the identities of the parties to the misrepresentation." Edwards v. Marin Park, Inc., 356 F.3d 1058, 1066 (9th Cir. 2004) (internal quotations omitted). In other words, a complaint must allege the "who, what, where, and how of the misconduct charged." Vess, 317 F.3d at 1106. At the very least, plaintiffs must identify a specific misrepresentation underlying their claims.

Plaintiffs assert that the fraudulent conduct alleged is not an affirmative statement, but an omission. Specifically, plaintiffs argue that "[t]he gravamen of the complaint is not that Cingular affirmatively said it would pay rebates using cash or check. Rather, it is that Cingular failed to say that it would be pay [sic] rebates using gift cards that are inferior to cash and check." Opp. at 5. Plaintiffs therefore claim that they cannot be required to plead the specifics of an omission. This argument is entirely unavailing. In order for Cingular's alleged concealment of the terms of the rebates to be actionable, there must have been some representation that the rebates would have been of a different nature than they were. Put another way, Cingular was under no obligation to provide rebates in the first place. The fact that Cingular provided rebates via gift cards is objectionable only

6

1 if Cingular led plaintiffs to believe that the rebates would have taken a different form.  Because
2 plaintiffs point to no such representations, they have failed to sufficiently plead the "uniform
3 misrepresentations and concealments" necessary to support their causes of action.

## II. Causation

As an alternative ground for dismissal, defendant claims that plaintiffs have failed to plead that they were injured "as a result of" Cingular's alleged misrepresentations, a purported defect which defendant claims is fatal to each of plaintiffs' five causes of action.

### A. Consumer Legal Remedies Act

The right to bring a private cause of action under the California Legal Remedies Act (CLRA) is limited to "[a]ny consumer who suffers any damage as a result of the use or employment by any person of a method, act, or practice declared to be unlawful by [California Civil Code] Section 1770." Cal. Civ. Code § 1780.  Relief under the CLRA is therefore "specifically limited to those who suffer damage, making causation a necessary element of proof." Wilens v. TD Waterhouse Group, Inc., 120 Cal. App. 4th 746, 754 (2003); see also Caro v. Procter & Gamble Co., 18 Cal. App. 4th 644, 668 (holding that the requirements of the CLRA were not met where the purported class representative did not believe the alleged misrepresentation to be true).  Defendant asserts that plaintiffs have not met this requirement because they have failed to allege that they were injured as a result of Cingular's misrepresentations.

Plaintiffs respond that causation in the form of reliance is properly pled here because reliance may be "inferred by the materiality of the misrepresentation." Wilens, 120 Cal. App. 4th at 755. Plaintiffs assert that they have sufficiently pled that the alleged misrepresentations were material, and that reliance (and thus causation) can therefore be inferred.  "A misrepresentation of fact is material if it induced the plaintiff to alter his position to his detriment.  Stated in terms of reliance, materiality means that without the misrepresentation, the plaintiff would not have acted as he did." Caro, 18 Cal. App. 4th at 668.

7

In support of their materiality argument, plaintiffs point to their allegations that reward cards "are far different from, and inferior to, cash or check," that the "$100 Cingular 'Rebate' is not a rebate," and that plaintiffs were "surprised" to receive rebates in the form of a gift card. Such allegations do not support a finding of materiality or reliance. Given California's definition of materiality, plaintiffs must allege that they would have acted differently—i.e., not purchased phones or services from Cingular, or opted for different Cingular products or services—had plaintiffs known that the advertised rebate would be in the form of a reward card rather than cash or a check. The inconvenience of the reward card and plaintiffs' unpleasant "surprise" do not give rise to an inference that plaintiffs would have acted differently. Accordingly, plaintiffs have failed to plead a cause of action under the CLRA.

### B. Unfair Competition Law and False Advertising Law

California's Unfair Competition Law ("UCL"), Cal. Bus. & Prof. Code sections 17200 et seq., and False Advertising Law ("FAL"), Cal. Bus & Prof. Code sections 17500 et seq., were amended via a ballot initiative passed in November 2004 such that standing to bring a private claim under either statute is limited to "any person who has suffered injury in fact and has lost money or property as a result of" such unfair competition or false advertising. Cal. Bus. & Prof. Code §§ 17204 & 17535. While this language clearly limits standing to individuals who have suffered an injury in fact, defendant asserts that the language further imposes a requirement that a private plaintiff has suffered such injury as a result of relying upon the defendant's statutory violation. Defendant cites two cases in support of this "actual reliance" standard: Pfizer, Inc. v. Superior Court, 45 Cal. Rptr. 3d 840 (2006), and In re Tobacco II Cases, 47 Cal. Rptr. 3d 917 (2006). On November 1, 2006, after defendant filed its motion to dismiss, the California Supreme Court granted review of both decisions and superseded the opinions. It is therefore unsettled, as a matter of California law, whether actual reliance is required to plead a cause of action under UCL or FAL. As the state's highest court is in the process of deciding this question, it would be imprudent for the court to reach

8

the issue at this time.[4]  Accordingly, the court reserves judgment on plaintiffs' UCL and FAL claims until after the California Supreme Court issues its decisions on these cases.

### C. Concealment

Under California law, the elements of a cause of action for concealment are:

> (1) the defendant must have concealed or suppressed a material fact, (2) the defendant must have been under a duty to disclose the fact to the plaintiff, (3) the defendant must have intentionally concealed or suppressed the fact with the intent to defraud the plaintiff, (4) the plaintiff must have been unaware of the fact and would not have acted as he did if he had known of the concealed or suppressed fact, and (5) as a result of the concealment or suppression of the fact, the plaintiff must have sustained damage.

Marketing West, Inc. v. Sanyo Fisher (USA) Corp., 6 Cal. App. 4th 603, 612–13 (1992).  A review of plaintiffs' complaint clearly shows that plaintiff has failed to sufficiently plead a concealment cause of action.  Complt. ¶¶ 47–51.  Plaintiffs have plead the first and fifth elements.  In addition, although plaintiffs do not specifically plead that defendant was under a duty to disclose, their complaint can fairly be interpreted to allege that "the defendant ma[de] representations but [did] not disclose facts which materially qualify the facts disclosed, or which render[ed] his disclosure likely to mislead," which would constitute a duty for the purposes of a concealment claim.  See Warner Constr. Corp. v. City of Los Angeles, 2 Cal. 3d 285, 294 (1970).  However, plaintiffs make no allegations regarding defendant's intent to defraud or plaintiffs' lack of awareness, and do not allege that plaintiffs would have acted differently if they had known of the concealed fact.  Accordingly, plaintiffs have failed to plead a cause of action for concealment.

### D. Unjust Enrichment

The state and the federal courts appear to be unclear as to whether California courts recognize claims for "unjust enrichment" as a separate cause of action.  See Nordberg, 445 F. Supp. 2d at 1100 (discussing cases).  Courts have nonetheless allowed causes of action pled as "unjust enrichment" to proceed as restitution claims.  Id.  Here, defendant essentially argues that plaintiffs

9

1  have failed to plead a cause of action for unjust enrichment because plaintiffs have failed to plead a

2  substantive claim for relief as discussed above. Plaintiffs, apparently assuming that their substantive

3  claims are sufficient, have not responded to defendant's argument in this regard. As each of

4  plaintiffs' substantive causes of action are defective for the reasons discussed above, plaintiffs have

5  failed to plead a cause of action for unjust enrichment.

7  III.     Punitive Damages

8       Finally, defendant claims that plaintiffs' punitive damages allegations and prayer for punitive

9  relief should be stricken because they are pled in a conclusory manner. To show entitlement to

10  punitive damages, a plaintiff must allege "malice, oppression, or fraud." Aquino v. Superior Court,

11  21 Cal. App. 4th 847, 854–855 (1993). As discussed above, plaintiffs have not pled fraud with the

12  specificity required by Rule 9(b). Accordingly, plaintiffs have failed to plead entitlement to punitive

13  damages.

15  IV.     Leave to Amend

16       The Federal Rules of Civil Procedure provide that leave to amend be "freely given when

17  justice so requires." Fed. R. Civ. P. 15(a). The Ninth Circuit has construed this broadly, requiring

18  that leave to amend be granted with "extraordinary liberality." Morongo Band of Mission Indians v.

19  Rose, 893 F.2d 1074, 1079 (9th Cir.1990); see also DCD Programs, Ltd. v. Leighton, 833 F.2d 183,

20  186 (9th Cir.1987) (Rule 15's policy of favoring amendments to pleadings should be applied with

21  "extreme liberality"). Accordingly, plaintiffs are granted leave to amend.

22       In order to comply with the particularity requirements discussed above, plaintiffs' amended

23  complaint shall set forth specific facts related to all of Cingular's alleged representations that form

24  the basis for plaintiff's causes of action, including the time, place and form (i.e., advertisements,

25  literature, or other printed or oral communications) of the representations, the content of the

26  representations, and by whom the representations were made. Additionally, plaintiffs' amended

27  complaint shall include a statement as to when plaintiffs received the rebate forms that they filled

10

later out and submitted. In addition to these specificity requirements, plaintiffs' amended claims shall correct the substantive defects discussed above.

CONCLUSION

For the reasons stated above, the court GRANTS defendant's motion to dismiss. Plaintiffs are ordered to file an amended complaint, according to the rulings set forth above, within 45 days of this order.

IT IS SO ORDERED.

Dated: 3/1/2007

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

**ENDNOTES**

1. Unless otherwise specified, background facts are taken from plaintiffs' first amended complaint, and are assumed to be true for purposes of this motion only.

2. Defendant devotes a substantial portion of its reply brief to arguments based on the rebate forms that were actually completed and submitted by plaintiff, claiming that these forms dispose of this action because any information plaintiffs allege was concealed was fully set forth in the rebate form. Even assuming that the court may properly consider this argument not raised in defendant's opening brief, and that the court may consider these documents in the posture of a Rule 12(b)(6) motion, it would be perfectly reasonable to assume that plaintiffs were presented with these forms *after* they had completed their transactions, which would defeat defendant's argument that plaintiffs were fully informed. In any case, defendant's arguments related to plaintiffs' actual rebate forms are rejected for the purposes of this motion.

3. Rule 9(b) provides: "In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally."

4. The court declines to adopt plaintiffs' prediction that, in light of other California and federal precedent, Pfizer and Tobacco II are "sure to be reversed."