FILED

SEP - 1 2010

RICHARD W. WIEKING
CLERK U.S. DISTRICT COURT,
NORTHERN DISTRICT OF CALIFORNIA

1  BRUCE L. SIMON (Bar No. 96241)
     bsimon@pswplaw.com
2  ESTHER L. KLISURA (Bar No. 221171)
     eklisura@pswplaw.com
3  **PEARSON, SIMON, WARSHAW & PENNY, LLP**
   44 Montgomery Street, Suite 2450
4  San Francisco, CA 94104
   Telephone:   (415) 433-9000
5  Facsimile:   (415) 433-9008

6  CLIFFORD H. PEARSON (Bar No. 108523)
     cpearson@pswplaw.com
7  **PEARSON, SIMON, WARSHAW & PENNY, LLP**
   15165 Ventura Boulevard, Suite 400
8  Sherman Oaks, CA 91403
   Telephone:   (818) 788-8300
9  Facsimile:   (818) 788-8104

10 HARVEY ROSENFIELD (Bar No. 123082)
     harvey@consumerwatchdog.org
11 PAMELA PRESSLEY (Bar No. 180362)
     pam@consumerwatchdog.org
12 **CONSUMER WATCHDOG**
   1750 Ocean Park Boulevard, Suite 200
13 Santa Monica, CA 90405
   Telephone:   (310) 392-0522
14 Facsimile:   (310) 392-8874

15 *Attorneys for Plaintiffs and the Proposed Settlement Class*

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA, SAN FRANCISCO DIVISION

| | |
|---|---|
| DAVID and LISA FAIGMAN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>AT&T MOBILITY LLC, formerly known as CINGULAR WIRELESS LLC; and DOES 1 through 100, inclusive,<br><br>Defendants. | Case No. C06-04622-MHP<br><br>[A̶M̶E̶N̶D̶E̶D̶ ̶P̶R̶O̶P̶O̶SED] ORDER CONDITIONALLY CERTIFYING SETTLEMENT CLASS AND GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT |

817250.1                                                        C06-04622-MHP

1    WHEREAS, Plaintiffs and Defendant have entered into a Settlement Agreement
2  ("Agreement") with respect to this Litigation;
3    WHEREAS, this Court has reviewed the Agreement; and
4    GOOD CAUSE APPEARING AND SOLELY FOR THE PURPOSES OF SETTLEMENT
5  IN ACCORDANCE WITH THE TERMS AND CONDITIONS OF THE AGREEMENT, THE
6  COURT FINDS AND ORDERS AS FOLLOWS:
7    The Court hereby certifies the following Plaintiffs Settlement Class: All AT&T Mobility
8  LLC ("ATTM") customers in California, past and present, who, since the inception of the rebate
9  card program, have received a Cingular Visa Reward Card or AT&T Promotion Card, and who
10 did not redeem the full value of the card. The Settlement Class excludes the Court, Court staff,
11 any member of their immediate families, any government entity, ATTM, any entity in which
12 ATTM has a controlling interest, any of ATTM's subsidiaries, parents, affiliates, and officers,
13 directors, employees, legal representatives, heirs, successors, or assigns, and any persons who
14 timely opt-out of the Settlement Class. (Capitalized terms not defined herein shall have the
15 meanings assigned to them in the Agreement, which is attached hereto as Exhibit 1.)

16    1.   The above-described Settlement Class is sufficiently numerous such that joinder of
17 all members would be impracticable.

18    2.   There are questions of law or fact common to the above-described Settlement
19 Class. Among these questions are:

   (a)   Is ATTM's rebate advertising misleading as a matter of law?
   (b)   Is ATTM's rebate advertising likely to mislead the ordinary consumer into
         believing that rebates would be fulfilled by check?
   (c)   Are reward cards less valuable than rebate checks?
   (d)   Are the terms and limitations on the use of reward cards material to the
         average consumer?
   (e)   What is the proper measure of damages or restitution for the unredeemed
         and expired balance on the reward card?

///

1          (f)    Did ATTM's advertising make misleading statements of fact concerning the amount of price reduction after the rebate in violation of California law?

3.    The claims advanced by the Representative Plaintiffs David Faigman, Lisa Faigman, and Todd Struyk are typical of the claims of the above-described Settlement Class. In particular, Plaintiffs allege that they were injured by ATTM's use of reward cards and misled by ATTM's advertising.

4.    The Representative Plaintiffs will fairly and adequately protect the interests of the above-described Settlement Class, and they are conditionally appointed as representatives of the above-described Settlement Class for purposes of implementing the settlement described in the Agreement. There appear to be no conflicts of interest between Mr. Faigman, Ms. Faigman, Mr. Struyk and the Settlement Class.

5.    Pearson, Simon, Warshaw & Penny, LLP is conditionally appointed as counsel for the above-described Settlement Class. The law firm has been appointed class counsel in other similar consumer class actions.

6.    The questions of law or fact common to the members of the above-described Settlement Class predominate over the questions affecting only individual class members.

7.    Certification of the above-described Settlement Class by the Court in this matter is superior to other available methods for the fair and efficient adjudication of this Litigation.

8.    Notice of the pendency of this case and the proposed settlement shall be provided to the above-described Settlement Class as specified in this Order. Any Settlement Class Member may elect not to be a part of the Settlement Class and not to be bound by the Agreement or to object to the Agreement, as set forth on the Settlement Website and in the Long Form Notice.

9.    In the event the Agreement terminates pursuant to its terms or for any reason, the Representative Plaintiffs shall cease to function as Representative Plaintiffs of the Settlement Class, and the case shall revert to its status as existed immediately prior to the execution of the Agreement.

///

1   10.  The Agreement and the settlement set forth therein are preliminarily approved as
2   fair, reasonable, and adequate.
3   11.  The Court finds that the manner and content of the notice specified in the
4   Agreement and the Long Form Notice, Bill Insert Notice, and Post Card Notice (Exhibits B1, B2,
5   and B3 thereto) (together, the "Class Notice") will provide the best practicable notice to members
6   of the Settlement Class, as defined in Section 2.25 of the Agreement. Accordingly, ATTM shall
7   provide notice of the proposed settlement by: (1) providing a Long Form Notice in substantially
8   the form of Exhibit B1 to the Agreement via posting on the website at
9   www.rewardcardsettlement.com ("Settlement Website"), to which the notices refer; (2) including
10  a bill insert notice in substantially the form of Exhibit B2 in the bills of its current customers in the
11  Settlement Class directing those customers to the Settlement Website for instructions on
12  completing the Claim Form; (3) sending a postcard in substantially the form of Exhibit B3 to its
13  former customers in the Settlement Class directing them to the Settlement Website for instructions
14  on completing the Claim Form; and (4) sending information to current customers in the Settlement
15  Class who receive only electronic bills in substantially the form of Exhibit B2 directing them to
16  the Settlement Website for instructions on completing the Claim Form. The notice shall be
17  provided according to the procedures and in the manner specified in Part V of the Agreement, and
18  the costs and expenses of such notice shall be paid by ATTM. The Court authorizes the parties to
19  make non-substantive revisions to the Class Notice as they may jointly deem necessary or
20  appropriate, without the necessity of further Court action or approval.
21  12.  A final approval hearing shall be held by this Court to consider and finally
22  determine:
23  (a)  Whether the Agreement should be finally approved as fair, reasonable, and
24       adequate; and
25  (b)  Whether attorneys' fees, costs and expenses should be awarded to
26       Plaintiffs' Counsel, and incentive awards made as provided in Section 7.1
27       of the Agreement, and the merits of any objections to the Agreement and
28       the settlement set forth therein, or any of its terms.

1  The final approval hearing described in this paragraph may be postponed, adjourned, or continued
2  by order of the Court without further notice to the Settlement Class.

3      13.    Any member of the Settlement Class who does not request exclusion, and who
4  objects to approval of the proposed settlement in compliance with the requirements of the
5  Agreement, may appear at the final approval hearing in person or through counsel to show cause
6  why the proposed settlement should not be approved as fair, reasonable, and adequate. Any
7  member of the Settlement Class who does not request exclusion, and who seeks to intervene in the
8  Action in compliance with the requirements of the Agreement, may file and serve a motion to
9  intervene in accordance with applicable law.

10     14.    However, no person (other than representatives of the named parties) may be heard
11 at the final approval hearing, or file papers or briefs, unless on or before the date set forth in the
12 Class Notice, such person files with the Clerk of the Court and serves on Settlement Class Counsel
13 and ATTM's Counsel, consistent with Section 8.3 of the Agreement, a timely written objection
14 and notice of intent to appear, in accordance with the procedures specified in the Class Notice.
15 Any member of the Settlement Class who does not make his, her, or its objection to the settlement
16 in the manner provided herein and in the Agreement, shall be deemed to have waived such
17 objection for purposes of appeal, collateral attack or otherwise.

18     15.    The dissemination of the Class Notice, as directed by this Order, constitutes the
19 best notice practicable under the circumstances and sufficient notice to all members of the
20 Settlement Class. The contents of the Class Notice and the manner of its dissemination satisfy the
21 requirements of Federal Rule 23(c)(2) and (e), other California law, and state and federal due
22 process.

23     16.    Any member of the Settlement Class who desires to be excluded from the
24 Settlement Class must mail, by the date set forth in the Class Notice, a written request for
25 exclusion to the addresses set forth in the Class Notice. All persons who properly submit requests
26 for exclusion shall not be members of the Settlement Class and shall have no rights with respect to
27 the settlement.
28 ///

17. If the Agreement is finally approved, the Court shall enter a Final Approval Order and Judgment approving the Agreement, within the meaning of and for purposes of Section 8.2 of the Agreement. Said Final Approval Order and Judgment shall be fully binding with respect to all members of the Settlement Class who did not request exclusion by the date set forth in the Class Notice, in accordance with the terms of the Class Notice and the Agreement.

18. All discovery and other pretrial proceedings in this Litigation are stayed and suspended until further order of this Court, except as otherwise agreed to by the parties or as may be necessary to implement the Agreement or this Order.

19. In the event that the proposed settlement as provided in the Agreement is not approved by the Court, or entry of a Final Approval Order and Judgment as provided in the Agreement does not occur for any reason, then the Agreement, all drafts, negotiations, discussions, and documentation relating thereto, and all orders entered by the Court in connection therewith shall become null and void. In such event, the Agreement and all negotiations and proceedings relating thereto shall be withdrawn without prejudice to the rights of any and all parties thereto, who shall be restored to their respective positions as of the date of the execution of the Agreement.

20. The dates of performance of this Order are as follows:

    (a) ATTM shall commence Class Notice dissemination by **November 1, 2010**.

    (b) ATTM shall complete Class Notice dissemination by **November 30, 2010**.

    (c) Requests for exclusion must be received by **December 31, 2010**.

    (d) Objections to the settlement, requests for intervention and notices of intention to appear at the final approval hearing shall be deemed timely only if filed with the Court and served on counsel for the parties by **December 31, 2010**.

    (e) ATTM's Counsel shall prepare and file with the Court a joint list of class members who have filed timely requests for exclusion by **January 7, 2011**.

    (f) Plaintiffs' Counsel shall file and serve papers requesting attorneys' fees, costs and expenses by **January 7, 2011**.

  (g) The Parties shall file papers, if any, in support of final approval of the settlement and responding to any objections or motions to intervene by **January 14, 2011**.

  (h) ATTM shall certify to the Court that it has complied with the notice requirements set forth in the Agreement and this Order by **January 14, 2011**.

  (i) The final approval hearing shall be held on ~~January 31,~~ *February 14, 2011* at *2:00 p.m.* ~~a.m. / p.m.~~

  (j) The last day to file timely claims shall be ~~March 25,~~ *April 8*, 2011.

**IT IS SO ORDERED.**

DATED: *September 1, 2010*

_____
Honorable Marilyn Hall Patel
United States District Court Judge