UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DAVID and LISA FAIGMAN, individually and on behalf of all others similarly situated,

    Plaintiffs,

  v.

AT&T MOBILITY LLC, formerly known as CINGULAR WIRELESS LLC; and DOES 1 through 100, inclusive,

    Defendants.

No. C06-04622 MHP

**MEMORANDUM & ORDER**

**Re:** Motion for Final Approval of Class Settlement; Motion for Award of Attorney's Fees, Litigation Expenses and Class Representative Incentive Awards.

---

On June 23, 2006, David and Lisa Faigman filed this class action against AT&T Mobility LLC ("ATTM") in San Francisco Superior Court, alleging that ATTM's rebate advertisements are misleading and that ATTM's provision of Reward Cards, in lieu of checks, is an inferior means of fulfilling rebates to its customers. Docket No. 178 (Simon Decl.) ¶ 2. ATTM removed the action to this court on July 28, 2006, and in early 2007, this action was consolidated with *Julian Carroll v. Cingular Wireless LLC* (C 07-0632 MMC). *Id.* ¶ 2-3. Following consolidation, plaintiff Carroll and the Faigmans agreed that Carroll would be dismissed from the action in the interest of economy. *Id.* ¶ 3. Plaintiff Todd Struyk filed his putative class action against ATTM in the Southern District of California in July 2007. Docket No. 180 (Morris Decl.) ¶ 2.

On September 10, 2010, the court conditionally certified the settlement class and granted preliminary approval of a class settlement. Docket No. 175 (September 1, 2010 Order). Now before the court are plaintiffs' unopposed motion for final approval of the settlement agreement and motion

for award of attorney's fees, costs and an incentive award for plaintiffs.  Having considered the parties' arguments and submissions, and for the reasons discussed below, the court enters the following memorandum and order.

BACKGROUND

      Under the terms of the settlement agreement, class members are entitled to receive: (1) $6.00 in restitution for each Reward Card that expired with at least $0.01 on the card. After submitting a one-page claim form, Class Members who are current ATTM customers will receive a $6.00 credit to their ATTM bill, and Class Members who are no longer ATTM customers will receive a check for $6.00; (2) injunctive relief prescribing disclosure language for ATTM in-store, print, television, Internet and radio advertisements that discuss rebates fulfilled with Reward Cards and for the Reward Card forms; (3) and an extension of the expiration date of Reward Cards from 120 days to 150 days.

      Prior to November 1, 2010, the Claims Administrator established both a settlement website where class members could file their claims online and view the full notice and a toll-free number which class members could call to access information and ask questions regarding the settlement. Docket No. 188 (Pohl Decl.) ¶ 7-8.  For the billing cycle of November 2010, approximately 2,333,577 class members who are current ATTM customers received notification of the settlement via bill notice inserts. Docket No. 189 (Throckmorton Decl.) ¶ 2.  Notices were also available to these class members who accessed their ATTM accounts online. Docket No. 186 (Holt Decl.) ¶ 2. Class members who are former ATTM customers were sent notice of the settlement via mail. Between November 15, 2010 and November 22, 2010, the Class Administrator mailed the Summary Notice Postcard to 688,983 unique class members. Pohl Decl. ¶ 9.  Of those mailed, 112,705 Summary Notice Postcards were returned as undeliverable.  Of those 112,705 returned, 2,586 were successfully forwarded to class members. *Id.* ¶ 10.  Ultimately, the net undeliverable rate of mailed Summary Notices is 16%, and the net undeliverable rate for all notices is 3.7%. *Id.*

2

As of January 12, 2011, the Claims Administrator has received twenty-six requests for exclusion from the class, and two objections to the settlement. *Id.* ¶¶ 11-12. Similarly, as of January 12, 2011 the Claims Administrator has received 15,365 claim forms, inclusive of 14,703 claim submitted online and 662 submitted via mail. *Id.* ¶¶ 13. The deadline for claim submission is April 8, 2011. *Id.*

In its motion for attorneys' fees and costs, class counsel seeks $1,185,803.78 in attorneys' fees, $54,196.22 in litigation costs and an incentive payment of $3,333.33 for each of the three class representatives. Class counsel has submitted summaries of the actual hours expended on this litigation. *See* Docket No. 178 (Simon Decl.); Docket No. 179 (Rosenfield Decl); Docket No. 180 (Morris Decl.); and Docket No. 181 (Terrell Decl.). The summaries reveal that seven attorneys, paralegals and law clerks at Cotchett, Pitre, Simon & McCarthy collectively devoted 171.0 hours to this case, incurring $39,018.50 in fees and $1,669.15 in expenses. Eight attorneys and paralegals at Pearson, Simon, Warsaw & Penny devoted 1,608.85 hours to this case, incurring $995,726.25 in fees and $39,173.38 in expenses. Two attorneys at Consumer Watchdog devoted 512.42 hours to the case, incurring $359,423.50 in fees and $5,640 in expenses. Five attorneys and paralegals at Morris and Associates devoted 1,155.85 hours to this case, incurring $ 415,298.00 in fees and $7,283.15 in expenses. Two attorneys and one paralegal at the Terrell Law Group and Amamgbo & Associates devoted 79 hours to this case, incurring $52,275 in fees and $430.31 in expenses. The summaries reveal that based on the actual billing rates of counsel and counsel's staff, counsel's lodestar amounts to $1,861,741.25. Thus, counsel's requested amount represents a 0.636 multiplier. Docket No. 177 (Motion for Attorneys' Fees) at 10-11.

LEGAL STANDARD

I.      Final Settlement Approval

In deciding whether to approve of a settlement, the court must determine if the settlement terms are "fair, reasonable, and adequate." Fed.R.Civ.P. 23(e)(2). The court's inquiry into a consensual agreement negotiated by the parties should seek only to ensure that the settlement is fair,

3

1 reasonable and adequate and not the result of fraud, over-reaching or collusion. *Officers for Justice v. Civil Serv. Comm'n of S.F.*, 688 F.2d 615, 625 (9th Cir. 1982).

II. <u>Attorneys' Fees and Costs</u>

Federal Rule of Civil Procedure 23(h) allows the court to award reasonable attorneys' fees and costs according to the agreement of the parties. Fed.R.Civ.P. 23(h). "[W]hether the attorneys' fees come from a common fund or are otherwise paid, the district court must exercise its inherent authority to assure that the amount and mode of payment ... are fair and proper." *Zucker v. Occidental Petroleum Corp.*, 192 F.3d 1323, 1328 (9th Cir. 1999). In common fund cases, the district court has the discretion to use either a percentage-of-the-recovery method or lodestar method to calculate reasonable attorneys' fees. *In re Wash. Pub. Power Supply Sys. Sec. Litig.*, 19 F.3d 1291, 1296 (9th Cir. 1994). When attorneys' fees are to be paid from a common settlement fund, "the relationship between plaintiffs and their attorneys turns adversarial" and "the district court must assume the role of fiduciary for the class plaintiffs." WPPSSSL, 19 F.3d at 1302. It thus becomes crucial for the court to scrutinize the attorneys' request in light of their role in the litigation.

Under the percentage-of-the-recovery method, the attorneys' fees are calculated as a percentage of the common fund, with 25% established as the benchmark in the Ninth Circuit. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998). Under the lodestar method, the lodestar amount is calculated by multiplying the number of hours reasonably expended by counsel by a reasonable hourly rate. *Id.* at 1029 (citing *Blum v. Stenson*, 465 U.S. 886, 897 (1984)). The lodestar may then be adjusted up or down by an appropriate multiplier, based on factors not subsumed in the initial calculation of the lodestar. *See Purdue v. Kenny A.*, No. 08-970, --- S.Ct. ----, 2010 WL 1558980, at (Apr. 21, 2010). Importantly, "[t]he party seeking an award of fees should submit evidence supporting the hours worked and rates claimed" and the court may reduce the award where documentation is inadequate. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983).

In addition, while there is a strong presumption that lodestar fees are reasonable, *City of Burlington v. Dague*, 505 U.S. 557, 562 (1992), the California Supreme Court recently upheld a trial court's discretion to deny attorneys' fees altogether in an action brought under the California Fair

4

Employment and Housing Act ("FEHA"). *See Chavez v. City of L.A.*, 47 Cal.4th 970 (2010).  The court reiterated that under California law, " 'a reduced fee award is appropriate when a claimant achieves only limited success,' " *id.* at 989 (quoting *Sokolow v. County of San Mateo*, 213 Cal.App.3d 231, 249 (1989)) (citations omitted), and noted agreement with federal case law holding that "the extent of a plaintiff's success is a crucial factor" when determining attorneys' fees in civil rights actions. *Id.*  Accordingly, attorneys' fees must be "'reasonable in relation to the results obtained.'" *Id.* (quoting *Hensley*, 461 U.S. at 440).

DISCUSSION

I.   Final Settlement Approval

The terms of the settlement agreement are fair, reasonable and adequate.  The parties, represented by experienced counsel, engaged in extensive arms-length negotiation before former California Supreme Court Justice Panelli and former California Court of Appeals Justice Weiner over the course of two years.  The parties appeared several times before the court to present their progress and have factored into this settlement the court's guidance and directive.  Accordingly, under the settlement, ATTM has agreed to provide restitution to all class members who register a claim by completing a simple one-page claim form that is easily accessible on the settlement website.  The settlement also provides for registration via mail for those class members for whom Internet access is an issue.  Upon successful registration, class members who are current ATTM customers will receive a $6.00 credit to their ATTM account for each Reward Card that expired with a remaining value of at least $0.01.  Class members who are former ATTM customers will receive a $6.00 check for each Reward Card that expired with a remaining value of at least $0.01.  Thus, the settlement has addressed the court's concern that ATTM simplify the process by which class members may receive the agreed-upon restitution. *See* Docket No. 157 (Transcript of August 10, 2009 Hearing).

Additionally, ATTM has agreed to provide disclosures with respect to the details of its Reward Card programs in nation-wide advertisements across a variety of mediums, thus facilitating

5

1  greater transparency for ATTM customers as to the program's terms.  Lastly, ATTM has extended
2  by a full 30 days the valid dates of use for Reward Cards, and ATTM customers now have 150 days
3  to redeem Rewards Cards.
4       This settlement also appropriately factors in the risk that plaintiffs face moving forward with
5  this litigation.  Specifically, after four years, the proceedings had scarcely moved beyond the
6  pleading phase into the discovery phase, and going forward, plaintiffs might have encountered
7  significant challenges to class certification given the quantity of potential class members.
8  Additionally, it is significant that 15,365 claim forms have been returned and only 2 individual
9  potential class members have registered objections to the settlement.  The first objector, Charles J.
10 Gutman, provides no clear basis for his objection to the settlement other than his belief that ATTM
11 customers have been "getting a raw deal for a service . . . and just based on principle alone . . .
12 should be getting WAY MORE than a measly $6.00." Simon Decl., Exh. A (Gutman Objection).
13 The vendor that administers ATTM's Rewards Card program avers that Mr. Gutman received two
14 $50 Reward Cards on approximately June 13, 2007 and one $50 Reward Card on July 16, 2007.
15 Docket No. 187 (Elkus Decl.) ¶¶ 4-5.  Of the three cards that Gutman received, he spent $50, $49.87
16 and $49.74, respectively, of their value.  Under the settlement, Mr. Gutman is eligible to receive a
17 $6.00 credit for each of those three cards, a more than favorable settlement given that his combined
18 balance on the expired Rewards Cards was $0.39.  The second objector simply states that he, "does
19 not want to be bound by the terms of this settlement," without expressing any reason as to why the
20 settlement is not fair, reasonable or adequate. Docket No. 176 (Jacobs Objection).   Lastly, only 26
21 class members out of over three million potential class members have opted out of the settlement.
22      Taking all of the aforementioned factors into consideration, plaintiffs' motion for final
23 approval of the settlement agreement is GRANTED.
24 II.   <u>Attorney's Fees</u>
25      As discussed above, class counsel seeks $1,185,803.78 in attorneys' fees.  This amount is
26 less than counsel's actual lodestar which amounts to $ 1,861,741.25 based on counsel's summaries
27 of actual hours billed.
28

6

Given the difficulty of measuring the value of the settlement in this case, particularly with respect to the injunctive relief and the fact that the claims period has not yet expired, the court elects to use the lodestar method in order to determine a reasonable amount of attorneys' fees for class counsel.

### A. Lodestar Method

#### 1. Reasonableness of Hours

Class counsel calculated the lodestar amount based on 3,527.12 hours devoted to this action over the course of approximately four years. These hours are documented in counsel's declarations in support of plaintiffs' motion for the approval of attorneys fees and, upon review by the court, appear reasonable.

#### 2. Reasonableness of Hourly Rates

Reasonable hourly rates are determined by reference to the prevailing market rates charged by comparable attorneys in the relevant community. *Davis v. City of S.F.*, 976 F.2d 1536, 1545-46 (9th Cir. 1992) (citing *Blum v. Stenson*, 465 U.S. 886, 895 (1984)). Generally, the forum district is the relevant community. *See Gates v. Deukmejian*, 987 F.2d 1395, 1405 (9th Cir. 1992). The Northern District of California is thus the relevant community for this action.

Counsel at Pearson, Simon, Warsaw & Penny calculated their lodestar based on hourly rates ranging from $650-$753.74 for partner services, $455-$448.86 for associate attorney services and $175 for paralegal services. Counsel at Cotchett, Pitre, Simon & McCarthy calculated their lodestar based on rates of $490 for partner services, $250 for associate attorney services, $125 for paralegal services and $75 for law clerk services. Counsel at Consumer Watchdog calculated their lodestar based on hourly rates of $750 for of-counsel attorney services, $515 for litigation director services and $400 for staff attorney services. Counsel at the Terrell Law Group calculated their lodestar based on $500 for attorney services, and counsel at Amamgbo calculated their lodestar based on $500 for attorney services and $175 for legal secretary services. Lastly, counsel at Morris and Associates calculated their lodestar based on $625 for partner services, $450 for associate attorney services and ranging from $165-$210 for paralegal services.

Previously, this court found reasonable attorneys fees based on rates of $650 for partner services, $500 for associate attorney services and $150 for paralegal services. *See Suzuki v. Hitachi*, 2010 WL 956896 *3 (N.D. Cal. March 12, 2010). Counsel's rates here, in some instances, are higher than these rates yet counsel has provided minimal information that would attest to the reasonableness of the rates, such as information regarding the attorneys' experience and skill. Counsel, however, has applied a .636 multiplier to the fees incurred, which brings the fees well within the range of that which the court has previously approved. As such, the court concludes that the fees requested are reasonable and the class counsel shall divide the award in a manner consistent with the percentage of the requested lodestar ($1,185,803.78) for which each firm was responsible.

### B.     Litigation-related Expenses

Counsel requests $54,196.22 in litigation costs. A review of the proceedings in this action does not suggest any irregularities in that amount. Moreover, at the hearing, counsel confirmed that expenses related to computer-assisted research and other similar expenses, are routinely billed to clients and so are permissible here. The expenses are also reasonable given that this matter has been pending for approximately four years. Accordingly, the court awards full costs to plaintiffs' counsel.

### C.     Plaintiffs' Incentive Award

Parties request an incentive payment of $3,333.33 for each of the three class representatives. In this district, incentive payments of $5,000 are presumptively reasonable. *See Hopkins v. Hanesbrands, Inc.*, No 08-0844, 2009 WL 928133, at *10 (N.D. CAL Apr. 3 2009) (LaPorte M.J.). Counsel avers that class representatives participated substantially in the litigation, including by attending mediation sessions, responding to written discovery, providing deposition testimony and generally assisting in the investigation and prosecution of this action. Simon Decl. ¶¶ 5,12. Accordingly, the court concludes that plaintiffs' requested class settlement incentive award of $3,333.33 each for David Faigman, Lisa Faigman and Todd Struyk is reasonable and approves the award.

CONCLUSION

For the reasons discussed above, plaintiff's motion for final approval of the class settlement is GRANTED. Plaintiff's motion for attorneys' fees, litigation expenses and an incentive award in GRANTED as follows: class counsel is awarded $1,185,803.78 in attorneys' fees, $54,196.22 in litigation costs and $3,333.33 as an incentive award to each of the three class representatives.

IT IS SO ORDERED.

Dated: February 15, 2011

MARILYN HALL PATEL
United States District Court Judge
Northern District of California

9